1 | Soheyl Tahsildoost (Bar No. 271294)
2 | THETA LAW FIRM, LLP
   | 12100 Wilshire Blvd., Suite 1070
3 | Los Angeles, CA 90025
   | Telephone: (424) 297-3103
4 | Facsimile: (424) 286-2244
   | eservice@thetafirm.com

5 | Attorney for Defendant Porsche Cars
6 | North America, Inc.

7 | UNITED STATES DISTRICT COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY BELLEVILLE, an individual, | Case No.: 2:25−cv−02631 JAK (JDEx) |
| Plaintiff, | **DEFENDANT PORSCHE CARS NORTH AMERICA, INC., ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DOES 1 through 20, inclusive, | Judge: Hon. John A. Kronstadt |
| | Magistrate Judge: Hon. John D. Early |
| Defendants. | |

Defendant Porsche Cars North America, Inc. ("Defendant") hereby answers the unverified Complaint on file against it as follows:

1. As to Paragraph 1 of the Complaint, Defendant denies that it manufactures or sells motor vehicles, including the subject vehicle but otherwise admits that it is a distributor of new Porsche vehicles in the United States and is a corporation incorporated in the State of Delaware.

2. Paragraph 2 of the Complaint relates to parties other than Defendant and on that basis, Defendant lacks sufficient information to form a basis as to the truth of the allegations in Paragraph 2 and denies the allegations therein on that basis.

3. Paragraph 3 is a statement not subject to admission or denial.

1

4. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies said allegations.

5. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies said allegations.

6. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6 except that Defendant admits Plaintiff purchased a 2022 Porsche Taycan bearing the Vehicle Identification Number WP0AA2Y17NSA15944 ("subject vehicle").

7. As to Paragraph 7, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

8. As to Paragraph 8, Defendant admits that there was an express limited warranty accompanying the subject vehicle when it was new, but that said warranty was, and is, subject to all of the terms, conditions and exclusions contained therein.

9. Defendant denies the allegations in Paragraph 9.

10. Paragraph 10 of the Complaint contains a statement of Plaintiff's interpretation of applicable law and is not an allegation that is subject to admission or denial.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies said allegations.

12. Paragraph 12 of the Complaint contains a statement of Plaintiff's interpretation of applicable law and is not an allegation that is subject to admission or denial.

13. Paragraph 13 of the Complaint contains a statement of Plaintiff's interpretation of applicable law and is not an allegation that is subject to admission or denial.

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

14. As to Paragraph 14 of the Complaint, Defendant denies that it manufactured the subject vehicle referenced in the Complaint, but Defendant admits that it distributed the subject vehicle to an authorized Porsche dealership in California when it was new. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies said allegations.

15. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies said allegations.

16. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies said allegations.

17. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies said allegations.

18. As to Paragraph 18, Defendant denies that the subject vehicle was defective. The remaining allegations contain a statement of reference not subject to admission or denial.

19. Defendant admits that the amount in controversy exceeds Thirty-Five Thousand Dollars ($35,000.00). Defendant states that Paragraph 19 of the Complaint purports to allege relief to which Plaintiff claims to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiff to their proofs.

20.  Paragraph 20 is a statement not subject to admission or denial.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies any allegations in Paragraph 23 that allege wrongdoing by Defendant, including my not limited to fraudulent concealment. Otherwise, Paragraph 23 of the Complaint contains a statement of Plaintiff's interpretation of applicable law and is not an allegation that is subject to admission or denial.

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1    24. Paragraph 24 of the Complaint is a statement of reference, not subject to

2    admission or denial.

3    25. As to Paragraph 25, Defendant admits that there was an express limited

4    warranty accompanying the subject vehicle when it was new, but that said

5    warranty was, and is, subject to all of the terms, conditions and exclusions

6    contained therein.

7    26. Defendant denies the allegations in Paragraph 26 of the Complaint.

8    27. Defendant denies the allegations in Paragraph 27 of the Complaint.

9    28. Defendant admits that the Plaintiff delivered the subject vehicle to

10   authorized Porsche dealerships but otherwise deny these allegations where it is

11   vague as to when, how, for what reason, etc.

12   29. Defendant denies the allegations in Paragraph 29 of the Complaint.

13   30. As to Paragraph 30, Defendant admits that there was an express limited

14   warranty accompanying the subject vehicle when it was new, but that said

15   warranty was, and is, subject to all of the terms, conditions and exclusions

16   contained therein. Defendant denies the allegations in Paragraph 28 of the

17   Complaint to the extent Plaintiff alleges the subject vehicle was somehow

18   defective.

19   31. As to Paragraph 31, Defendant admits that there was an express limited

20   warranty accompanying the subject vehicle when it was new, but that said

21   warranty was, and is, subject to all of the terms, conditions and exclusions

22   contained therein. Defendant denies other allegations in Paragraph 31.

23   32. Defendant denies the allegations in Paragraph 32 of the Complaint.

24   33. Defendant denies the allegations in Paragraph 33 of the Complaint.

25   34. Defendant states that Paragraph 34 of the Complaint purports to allege

26   relief to which Plaintiff claims to be entitled, and as such, does not require a

27   response from Defendant.  To the extent a response is deemed required, Defendant

28   responds by stating denied, refers all questions of law to the Court, and leaves

4

1    Plaintiff to their proofs.

2        35. Defendant states that Paragraph 35 of the Complaint purports to allege
3    relief to which Plaintiff claims to be entitled, and as such, does not require a
4    response from Defendant.  To the extent a response is deemed required, Defendant
5    responds by stating denied, refers all questions of law to the Court, and leaves
6    Plaintiff to their proofs.

7        36. Defendant states that Paragraph 36 of the Complaint purports to allege
8    relief to which Plaintiff claims to be entitled, and as such, does not require a
9    response from Defendant.  To the extent a response is deemed required, Defendant
10   responds by stating denied, refers all questions of law to the Court, and leaves
11   Plaintiff to their proofs.

12       37. Defendant states that Paragraph 37 of the Complaint purports to allege
13   relief to which Plaintiff claims to be entitled, and as such, does not require a
14   response from Defendant.  To the extent a response is deemed required, Defendant
15   responds by stating denied, refers all questions of law to the Court, and leaves
16   Plaintiff to their proofs.

17       38. Paragraph 38 of the Complaint is a statement of reference, not subject to
18   admission or denial.

19       39. Paragraph 39 of the Complaint contains a statement of Plaintiff's
20   interpretation of applicable law and is not an allegation that is subject to admission
21   or denial.

22       40. Paragraph 40 of the Complaint contains a statement of Plaintiff's
23   interpretation of applicable law and is not an allegation that is subject to admission
24   or denial.

25       41. Defendant denies the allegations in Paragraph 41 of the Complaint.

26       42. Defendant denies the allegations in Paragraph 42 to the extent they
27   alleged the vehicle was somehow defective.  Defendant lacks sufficient
28   information to form a belief as to the truth of the remaining allegations in

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Paragraph 42 of the Complaint, and on that basis denies said allegations.

43. Defendant states that Paragraph 43 of the Complaint purports to allege relief to which Plaintiff claims to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiff to their proofs.

44. Paragraph 44 of the Complaint contains a statement of Plaintiff's interpretation of applicable law and is not an allegation that is subject to admission or denial but nevertheless Defendant denies said allegations. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiff to their proofs.

45. Defendant states that Paragraph 45 of the Complaint purports to allege relief to which Plaintiff claims to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, Defendant responds by stating denied, refers all questions of law to the Court, and leaves Plaintiff to their proofs.

46. Defendant states that Paragraph 46 of the Complaint purports to allege relief to which Plaintiff claims to be entitled, and as such, does not require a response from Defendant.  To the extent a response is deemed required, and/or where Plaintiff claims that they have been damaged, and that such damage is the result of actions or conduct of Defendant, then Defendant responds by denying that it caused or contributed to any alleged damages.  Defendant further denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise, or at all. Defendant further refers all questions of law to the Court, and leaves Plaintiff to their proofs.

47. Defendant states that Paragraph 47 of the Complaint purports to allege relief to which Plaintiff claims to be entitled, and as such, does not require a response from Defendant.  To the extent a response is deemed required, and/or

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

where Plaintiff claims that they have been damaged, and that such damage is the result of actions or conduct of Defendant, then Defendant responds by denying that it caused or contributed to any alleged damages. Defendant further denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise, or at all. Defendant further refers all questions of law to the Court, and leaves Plaintiff to their proofs.

48. Defendant states that Paragraph 48 of the Complaint purports to allege relief to which Plaintiff claims to be entitled, and as such, does not require a response from Defendant. To the extent a response is deemed required, and/or where Plaintiff claims that they have been damaged, and that such damage is the result of actions or conduct of Defendant, then Defendant responds by denying that it caused or contributed to any alleged damages. Defendant further denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise, or at all. Defendant further refers all questions of law to the Court, and leaves Plaintiff to their proofs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Legal Claim)

The allegations in the Complaint, both individually and collectively, fail to state facts sufficient to constitute a cause of action against Defendant. Moreover, the Complaint is vague, ambiguous, and unintelligible and Plaintiffs are therefore barred from recovery.

### SECOND AFFIRMATIVE DEFENSE

### (Breach of Condition Precedent)

Defendant is informed and believes and thereon alleges that the improper conduct of Plaintiff and other parties, as well as the failure to give written or other notice as required under the applicable statutes, constituted a breach of conditions precedent to any right or theory of recovery against Defendant which might

7

otherwise apply.

## THIRD AFFIRMATIVE DEFENSE

### (Mitigation)

Defendant is informed and believes and thereon alleges that Plaintiff's failure to exercise reasonable care in caring for any injury, damage or loss, preventing the aggravation thereof, or to reduce or mitigate Plaintiff's alleged damages, if any, are the result, in whole or in part, of Plaintiff's failure to exercise reasonable care to reduce or mitigate Plaintiff's damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovering any legal and/or equitable relief against Defendant due in part or whole to Plaintiff's contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovering any legal and/or equitable relief against Defendant due in part or whole to Plaintiff's comparative negligence and/or fault.

## SIXTH AFFIRMATIVE DEFENSE

### (Apportionment)

Defendant is informed and believes and thereon alleges that superseding, intervening acts or omissions of persons or entities other than the Defendant proximately and/or legally caused and/or contributed to injuries and/or damages sustained or suffered by Plaintiff, if any, in that said persons or entities, and each of them, were reckless, careless and/or negligent, and such recklessness, carelessness, or negligence proximately and/or legally contributed to the loss, injury, damage or detriment alleged in the Complaint, if any. As such, the damages recoverable by Plaintiff in this action, if any, must be diminished in proportion to the fault

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

attributable to such other persons or entities.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the Complaint, and each and every cause of action therein, are barred by the statutes of limitation set forth in California Code of Civil Procedure sections 337(1), 337(3), 338, 339(1), 339(3), 340(1), 343, Commercial Code section 2725, sections 1783 and 1791.1 of California's Civil Code, and/or any other applicable statute of limitation(s).

## EIGHTH AFFIRMATIVE DEFENSE

### (Legal Causation)

Defendant is informed and believes and thereon alleges Plaintiff's injuries and/or damages, if any, were not proximately or legally caused by any act or omission of Defendant. Moreover, any breach of warranty and/or contract of any kind by Defendant was neither the cause in fact nor the proximate cause of Plaintiff's damages, but rather were secondary, indirect, and inconsequential.

## NINTH AFFIRMATIVE DEFENSE

### (Misuse of Subject Vehicle)

Defendant is informed and believes and thereon alleges that the subject vehicle was not being used in the manner and for the purpose for which it was intended, and that the subject vehicle was subjected to unintended or unauthorized use. Plaintiff's injuries and/or damages, if any, were proximately or legally caused by the misuse and/or unreasonable and improper use of the subject vehicle by Plaintiff. The misuse and/or unreasonable and/or improper use and/or unintended use of the subject vehicle caused or contributed in whole or in part to the loss, damage, injury, or detriment, if any, alleged in the Complaint. Plaintiff knew, or should have known, that the subject vehicle was not used in a proper manner and that such use could cause damage. Therefore, any damages recoverable by Plaintiff must be reduced in proportion to the amount of fault attributable to such misuse or

9

unreasonable or improper use.

**TENTH AFFIRMATIVE DEFENSE**

**(Modification of Subject Vehicle)**

Defendant is informed and believes and thereon alleges that the subject vehicle was not defective or unmerchantable when it left the possession, custody, or control of Defendant. Plaintiff is barred from any recovery under the Complaint because damage and/or problems with the subject vehicle, if any, were caused by changes, modifications, and/or alterations to the subject vehicle made after the manufacture and/or sale of the subject vehicle by persons or entities other than the Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Disclaimer)**

Defendant is informed and believes and thereon alleges that Defendant disclaimed, renounced, cancelled, and excluded all warranties of the type alleged herein before and at the time of the alleged acts or omissions by Defendant alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Comply With Statutory Requirements)**

Defendant is informed and believes and thereon alleges that Plaintiff's causes of actions and claims are barred by Plaintiff's failure to comply with statutory requirements prior to filing suit.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Allow a Cure)**

Defendant is informed and believes and thereon alleges that Plaintiff is barred from obtaining the relief sought in the Complaint on the grounds that Plaintiff has failed and refused to allow Defendant a reasonable opportunity to cure any alleged breach by Defendant.

///

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1  |  **FOURTEENTH AFFIRMATIVE DEFENSE**

2  |  **(Release and Settlement)**

3  Defendant is informed and believes, and thereon alleges that Defendant has

4  been released from any and all causes of action and claims alleged in Plaintiff's

5  Complaint, and/or the parties have already formally settled this matter.

6  |  **FIFTEENTH AFFIRMATIVE DEFENSE**

7  |  **(Inadequate or Improper Maintenance)**

8  Defendant is informed and believes and thereon alleges that Plaintiff's

9  damages, if any, were legally and proximately caused, contributed to, or aggravated

10  by the negligent, careless, reckless, knowing and/or willfully improper service

11  and/or maintenance of the subject vehicle by Plaintiff's and/or Plaintiff's agents,

12  employees, or representatives.  Defendant is informed and believes and thereon

13  alleges that Plaintiff negligently, carelessly, recklessly, knowingly and/or willfully

14  failed to repair or improperly repaired the subject vehicle, knowing that the vehicle

15  was in need of repair.  Therefore, any damages recoverable by Plaintiff must be

16  reduced in proportion to the amount of fault attributable to such improper service,

17  maintenance, and/or repair.

18  |  **SIXTEENTH AFFIRMATIVE DEFENSE**

19  |  **(Subject Vehicle in Conformity)**

20  If it is determined that the subject vehicle failed to conform to any applicable

21  warranty extended by Defendant, Defendant alleges that the subject vehicle is now

22  fully in conformity with such warranty.

23  |  **SEVENTEENTH AFFIRMATIVE DEFENSE**

24  |  **(Substantial Impairment)**

25  Defendant is informed and believes and thereon alleges that the subject

26  vehicle's use, value, or safety was not impaired by its condition.

27  ///

28  ///

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Consequential Damages)**

Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovering consequential damages by applicable warranties and law.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Failure to Give Proper Notice)**

Defendant is informed and believes and thereon alleges that Plaintiff is barred in whole or in part from recovery by Plaintiff's failure to give reasonable notice of the alleged defect or nonconformity to (1) the seller as required by California Commercial Code section 2607, and/or (2) the Defendant as required by California Civil Code section 1793.22 and/or any warranties or other documents provided to Plaintiff at the time of the sale of the vehicle.  Plaintiff is further and independently barred in whole or in part from recovery by Plaintiff's failure to give statutory notice as required by California Civil Code section 1793.94.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believes and thereon alleges that Plaintiff's recovery is barred by the doctrine of estoppel based on Plaintiff's prior conduct in connection with the matters alleged in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes and thereon alleges that Plaintiff is barred in whole or in part from any recovery by the doctrine of unclean hands.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant is informed and believes and thereon alleges that Plaintiff has waived the right to recover the relief sought in the Complaint, in whole or in part.

///

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Privity)**

Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery because Plaintiff and Defendant were not in privity of contract.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

Defendant is informed and believes and thereon alleges that Plaintiff was aware of all of the risks and dangers of Plaintiff's conducts and that Plaintiff assumed the risk of injury, and that Defendant is not responsible in law or fact for Plaintiff's injuries and/or damages, if any.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant is informed and believes and thereon alleges that Plaintiff's recovery is barred by the doctrine of laches because of Plaintiff's inexcusable delay in pursuing the claims in the Complaint and the prejudice caused thereby to Defendant.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Implied Warranty)**

Plaintiff's claim for breach of implied warranty of merchantability or fitness, if any, is barred to the extent it is untimely under the limitations set forth in the Song Beverly Act and/or based on Plaintiff's failure to rightfully reject or justifiably revoke acceptance of the subject vehicle.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Purchase Outside of California)**

Plaintiff's claims, and each of them, are barred to the extent that the subject vehicle was purchased outside of the State of California.

///

///

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

At this time, Defendant has insufficient information upon which to form further affirmative defenses, beyond those which are set forth elsewhere herein. Defendant reserves the right to allege and assert additional affirmative defenses in the event that it discovers information indicating that such defenses would be applicable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Party)

Plaintiff has failed to name or join an indispensable party or parties to the present action, including, but not limited to: (1) any persons or entities who may have an ownership interest in the subject vehicle, and (2) any other persons or entities who may have or claim to have a right to recover any of the damages or other remedies sought by the Plaintiff herein.

### THIRTIETH AFFIRMATIVE DEFENSE

### (One-Satisfaction)

Plaintiff should only recover for the injury and/or damages sustained once. Plaintiff cannot recover for the same injury and/or damages from multiple sources. Therefore, Plaintiff cannot, among other things, recover the same damages and/or remedies from multiple parties. Furthermore, Defendant may move to have any damage award reduced by any compensation the Plaintiff has received for the same harm.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Sufficient compensation by way of monetary damages is available to Plaintiff, and therefore Plaintiff is not entitled to declaratory, injunctive, and/or equitable relief of any kind.  Injunctive and declaratory relief will not be granted where there is a plain, complete, speedy, and adequate remedy at law.

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Sufficient compensation by way of monetary damages is available to Plaintiff, and therefore Plaintiff is not entitled to declaratory, injunctive, and/or equitable relief of any kind.   Injunctive and declaratory relief will not be granted where there is a plain, complete, speedy, and adequate remedy at law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Collateral Estoppel)**

Plaintiff's claims and right of recovery as to each of them, are barred by the doctrine of collateral estoppel.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Res Judicata)**

Plaintiff's claims and right of recovery as to each of them, are barred by the doctrine of res judicata.

**THIRTY-FOURTHAFFIRMATIVE DEFENSE**

**(Class Action Settlement)**

Plaintiff's claims and right of recovery as to each of them, are barred pursuant to

a prior class action settlement that Plaintiff did not opt out of.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Particularity)**

Plaintiff has failed to allege Plaintiff's causes of action with sufficient particularity.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Judicial Estoppel)**

Defendant is informed and believes and thereon alleges that Plaintiff is barred from asserting a contrary claim or theory of liability as to Defendant via Judicial Estoppel.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Defendant's Good Faith)

Plaintiff's prayer for a civil penalty under the Song-Beverly Act is barred by Defendant's reasonable and good faith belief that it had complied with its obligations, if any, under the law and any in accordance with any applicable warranty.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Civil Code Section 1794(e)(3))

Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to provide written notice under Civil Code Section 1794(e)(3), therefore, Plaintiff's civil penalty claim is barred.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Unnecessary Attorney's Fees, Costs and Expenses)

Defendant promptly offered to repurchase Plaintiff's vehicle prior to litigation. Therefore, under *MacQuiddy v. Mercedes Benz, LLC* (2015 233 Cal.App.4th 1036, Defendant disputes that the attorney's fees, costs or expenses incurred by Plaintiff is recoverable.

### FORTIETH AFFIRMATIVE DEFENSE

### (Excuse from Performance)

As to the Song-Beverly Act causes of action, Defendant is excused from repurchasing the vehicle pursuant to Civil Code section 1793.2, subdivision (d)(2)(B) because it promptly made the offer to perform, but Plaintiff prevented the repurchase from taking place. (Civ. Code, §§1511, 1512.)

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Excuse from Performance)

Any obligation by Defendant to repurchase the vehicle was extinguished because Defendant offered to perform pursuant to Civil Code section 1793.2, subdivision (d)(2)(B). (Civ. Code, § 1485.)

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Entitlement to Pre-Judgment Interest)

Plaintiff is not entitled to recover prejudgment interest and even if they were, interest stopped accruing at the moment  offered to perform by repurchasing the vehicle pursuant to Civil Code section 1793.2, subdivision (d)(2)(B). (Civ. Code §1504.)

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Prompt Repurchase Offer Precludes Civil Penalty)

Plaintiff is not entitled to recover a civil penalty because Defendant promptly offered to repurchase the vehicle from Plaintiff in accordance with Civil Code section 1793.2(d)(2).

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Arbitration and Award)

Defendant is informed and believes, and upon such information and belief alleges, that this dispute is subject to a binding arbitration agreement.  Plaintiff has agreed to binding arbitration of the claims alleged in this Action.  Defendant hereby asserts and preserves its right to arbitrate this action.

WHEREFORE, Defendant prays:

1.      That Plaintiff will take nothing by Plaintiff's Complaint;

2.      For Defendant's costs of suit herein;

3.      For attorney's fees; and

4.      For such other relief the Court deems proper.

DATED: April 2, 2025               THETA LAW FIRM, LLP

_____
SOHEYL TAHSILDOOST
Attorney for Defendant Porsche Cars North America, Inc.

17

DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2025, I filed the foregoing document entitled **DEFENDANT PORSCHE CARS NORTH AMERICA, INC'S ANSWER TO PLAINTIFF'S COMPLAINT** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.


_____

Soheyl Tahsildoost

**DEFENDANT PORSCHE CARS NORTH AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**