Caitlin J. Scott, Esq. (State Bar No. 310619)
AMERICAN LEMON LAW GROUP, LLP
6230 Wilshire Blvd., Suite 885
Los Angeles, CA 90048
Telephone: 877-707-0004
Facsimile: 213-900-7010
E-service: eservice@allgteam.com

**Attorneys for Plaintiff, NANCY BELLEVILLE**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nancy Belleville, an Individual<br><br>Plaintiff,<br><br>v.<br><br>PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-2631<br><br>[Los Angeles Superior Court Case No. 25NWCV00618]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND TO STATE COURT**<br><br>DATE: May 29, 2025<br>TIME: 10:00 a.m<br>COURTROOM: First Street Courthouse, Courtroom 5B<br><br>Action Filed: February 20, 2025<br>Trial Date: None |

///
///
///
///
///
///

-1-
**MEMORANDUM OF POINTS AND AUTHORITIES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On February 20, 2025, Plaintiff filed this action in the Los Angeles County Superior Court. The operative Complaint alleges claims for a refund of the purchase price of a motor vehicle pursuant to California's Song-Beverly Consumer Warranty Act, which is commonly known as California's "Lemon Law." Defendant Porsche Cars North America, Inc., ("Defendant") is now seeking to unnecessarily burden this Court with a Lemon Law claim that belongs in State court.

Defendant's burden in removing a State court matter is to establish that this Court has removal jurisdiction. Defendant, however, has not and cannot demonstrate that it can meet this burden. Plaintiff now moves to remand this action to the Superior Court of California.

Plaintiff's claims involve significant issues of public policy, statutory interpretation, and California law that should be left to California courts to decide. Defendant's only reason for removing this matter is to prevent Plaintiff from asserting his State law claims in the proper forum. Plaintiff's lawsuit alleges *no* federal causes of action and having this simple California Lemon Law case heard in federal court is a waste of this Court's time and resources. Plaintiff asks that any doubt about jurisdiction should be settled now, rather than after the parties and the Court expend considerable resources litigating this matter.

This Motion is made following the conference of counsel pursuant to L.R. 7-3. On Thursday, April 1, 2025, Plaintiff emailed Defendant and requested a phone call to discuss why Remand is appropriate in this case. On April 10, 2025, the Parties telephonically met and conferred with Defendant regarding the issues in this Motion. (See, Scott Decl. ¶ 4, Exhibit 1"). The Parties disagreed on whether Defendant met its burden of proof that removal was procedurally and substantively proper.

///

///

## II. <u>DEFENDANT FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT REMOVAL WAS PROPER</u>

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

Removal statutes are to be strictly construed, *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]"). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

When a state-court complaint alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-404 (9th Cir. 1996). Conversely, "[w]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona,*

*LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

This sum is determined as of the date of removal. *Id.* at 790. "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Comm'ns. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014). Where the plaintiff contests the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in controversy requirement has been satisfied." *Id.* at 82.

Defendant cannot show by a preponderance of the evidence that the amount-in controversy requirement has been satisfied, this Court should grant Plaintiff's Motion and Remand the case to the Superior Court.

### III. THE AMOUNT IN CONTROVERSY IS NOT FACIALLY EVIDENT FROM PLAINTIFF'S COMPLAINT

A defendant seeking to remove a case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied. *Sanchez v. Monumental Life Insurance Company,* 102 F.3d 398, 404 (9th Civ. 1996.) Defendant admits that "it is not "facially apparent" that the amount in controversy exceeds $75,000, in that Plaintiff does not expressly allege he seeks more than that amount in his Complaint. (See Defendant's Notice of Removal ¶ 11 ["Notice of Removal"].)

Plaintiff's Complaint does not specify any monetary value sought. Plaintiff's Complaint does not allege specific in either the body of the Complaint or prayed for

in the Prayer for Relief; meaning, the Complaint does not allege "a sufficiently specific total in amount in controversy." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Likewise, "it is unclear whether *all* [the] damages are subsumed within the request" are for more than $25,000. *Schneider v. Ford Motor Co.*, 441 F.Supp.3d 909, 913 (N.D. Cal. 2020) (emphasis in original). Accordingly, the Court "must determine if [Defendant] ha[s] shown by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.*

### A. Plaintiff's Actual Damages

Defendant asks this Court to apply the Monroney Sticker which allegedly states the value of the Subject Vehicle is $104,320.00. (*See* Tahsildoost Decl. ¶3, Ex. B).

It bears pointing out, though, that Defendant failed to include the purchase contract for the Subject Vehicle or any mileage offset for the Subject Vehicle. Regardless of whether Defendant's Monroney Sticker is accurate, it is not evidence that the amount in controversy exceeds $75,000.

Specifically, because the Song-Beverly Act provides that "the actual price paid or payable by the buyer includes any finance charges," the total cash price is a more appropriate measure of actual damages. See *Alvarado v. FCA US, LLC*, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (applying "the total cash price paid for the subject vehicle"); *Luna v. FCA U.S. LLC*, 2021 WL 4893567, at *7 (N.D. Cal. Oct. 20, 2021) (concluding that "it is more appropriate to use the total cash price listed in the [contract]" when "the Court cannot determine whether Plaintiff has paid all the finance charges that are included in the total sale price of the Vehicle"). However, Defendant has not even included the cash price for the Subject Vehicle, and accordingly, has not met its burden of proof.

### B. Civil Penalties are too Speculative

Defendant argues that civil penalties must be included in the amount in controversy calculation because Plaintiff may be entitled to recover it under the statute. (Notice of Removal ¶ 11.) According to Defendant:

"Plaintiff's civil penalty claim requests a penalty equal to double the amount of the paid or payable damages and incidental and consequential damages. Plaintiff does not expressly state the amount in controversy Plaintiff is requesting in this suit. Therefore, the potential liability to PCNA in this action, assuming a maximum civil penalty award but without any consideration of claimed incidental or consequential damages, and accounting for any buyout of the vehicle is sales contract times three. Using the Monroney amount and multiplying it by three, the amount in controversy would be $312,969.00. The amount in controversy of $75,000.00 is met."

(Notice of Removal ¶ 11.)

However, as already discussed above, Plaintiff's Complaint does not allege specific damages in either the body of the Complaint or prayed for in the Prayer for Relief, and the only reference to a dollar figure in the Complaint is that it invoked the state court's unlimited jurisdiction and thus "damages exceed $35,000."

"'The civil penalty under California Civil Code § 1794(c) cannot simply be assumed.'" *Pennon v. Subaru of Am.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (quoting *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)). "To satisfy its burden, the removing party 'must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, and providing evidence-such as verdicts or judgments from similar cases regarding the likely amount of the penalty.'" *Id.* (quoting *Zawaideh v. BMW of N. Am., LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018)).

Defendant "has made no serious attempt to justify the inclusion of a civil penalty in the calculation of the jurisdictional amount. Civil penalties are available under § 1794(c) only if a defendant's violations are willful." 2022 WL 2208578, at *2; *see also Melendez v. Subaru of Am., Inc.*, 2021 WL 1929539, at *2 (C.D. Cal. May 13, 2021). Even if Defendant tried, it cannot cite to a single specific allegation in

Plaintiff's complaint regarding willfulness.

Plaintiff's Complaint does not make any specific allegations of willfulness under The Song-Beverly. (*See* Tahsildoost Decl. ¶ 2, Exhibit A: Complaint ¶ 34 ["The failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages."], and ¶ 36 [Defendants, and each of them, knew of their obligations under the Song-Beverly Act; however, despite Plaintiff's demand, Defendants, and each of them, have intentionally failed and refused to make restitution or replacement pursuant to the Song-Beverly Act."].)

As set out in Plaintiff's Complaint, the allegations reading willfulness are insufficient to justify inclusion of civil penalties in the amount in controversy. *See, e.g.*, *Pennon*, 2022 WL 2208578, at *2 (finding that reliance "on a conclusory allegation in that complaint" is "insufficient"); *Melendez*, 2021 WL 1929539, at *2 ("Plaintiff's only allegations remotely inferring willfulness are that Subaru intentionally declined to cure the Vehicle's defects. Such a vague contention does not satisfy Subaru's burden.") (internal citations omitted); *Castillo*, 2019 WL 6607006, at *2 ("Simply assuming a civil penalty award is inconsistent with the principle that the defendant 'must provide evidence that it is 'more likely than not' that the amount in controversy' requirement is satisfied. Absent any specific argument or evidence for its inclusion, the Court will exclude the civil penalty under California Civil Code § 1794(c) from its amount-in-controversy calculation.") (internal citation omitted); *Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021) ("BMW fails to identify which allegations in the Complaint would justify such an award; nor does BMW submit evidence regarding the size of civil penalties awarded in analogous cases."); *Sanchez v. Ford Motor Co.*, 2018 WL 6787354, at *2-3 (C.D. Cal. Dec. 4, 2018) (remanding action where civil penalties were "too speculative for inclusion in the amount-in-controversy"); *Chajon v. Ford Motor Company*, 2019 WL 994019, at *3-4 (C.D. Cal., Jan. 8, 2019) (remanding

action on same basis); *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018); *Lawrence v. FCA U.S. LLC*, 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016); *Makol v. Jaguar Land Rover North America, LLC*, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018); *Herko v. FCA US, LLC*, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019); *Chavez v. FCA U.S. LLC*, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020); *Lopez v. FCA U.S. LLC*, 2019 WL 4450427, at *2 (C.D. Cal. Sept. 16, 2019); *Zawaideh*, 2018 WL 1805103, at *2-3 (S.D. Cal. Apr. 17, 2018); (*Jesus Casillas v. Nissan North America, Inc.*, 2023 WL 2634285, at *3-4 (C.D. Cal. Mar. 23, 2023).

"Defendant has the burden of proving that removal was proper in this case. Assumptions do not satisfy that burden. Yet that is virtually all Defendant has offered." *Pennon*, 2022 WL 2208578, at *2. Any "doubt as to the right of removal" requires that federal jurisdiction be rejected, and the case remanded. *Gaus*, 980 F.2d at 566. Because the amount of civil penalties is "too speculative to include when calculating the amount-in-controversy[,]" this Court should reject Defendant's claim that this case is under federal jurisdiction, and Remand this case back to State court. *Casillas*, 2023 WL 2634285, at *3.

**2.  Attorney's Fees are Similarly too Speculative**

Some federal district courts have ruled that attorney's fees are "costs and interest" within the definition of the Song-Beverly Act and are therefore excluded from the amount in controversy calculation. *Lopez v. FCA US LLC,* 2019 WL 4450427, at *1 (C.D. Cal. Sept. 16, 2019). Other federal courts have stated attorney's fees are too speculative to be included towards an amount in controversy because the creation of those fees is entirely in the control of the client and counsel and may be avoided depending on legal strategy. *See, Grieff v. Brigandi Coin Co.,* 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014.)

Further, Defendant is required to "use 'summary-judgment-type evidence' to show that it is 'more likely than not' that the amount in controversy (including

attorneys' fees) exceeds $75,000." *Schneider*, 441 F.Supp.3d at 914; *see also Reyes v. Staples Off. Superstore, LLC*, 2019 WL 4187847, at *4 (C.D. Cal. Sept. 3, 2019) ("[C]ourts should still reject a defendant's calculation of future attorneys' fees if it fails to satisfy its burden of proof using 'summary-judgment-type evidence'.") (citing *Fritsch*, 899 F.3d at 795)).

Without including any billing records or fee awards from any past cases with Plaintiff's counsel, Defendant cannot even make a rudimentary allegation of what Plaintiff's counsel charges per hour.

This Court, so many other courts have done, should reject Defendant's minimal showing because it falls far short of "summary judgment-type evidence." *See, e.g.*, *Schneider*, 441 F.Supp.3d at 914; *Melendez*, 2021 WL 1929539, at *2 ("Because Subaru presents no substantive argument or evidence concerning fees, the Court has no basis to include them in the amount in controversy."); *Eberle*, 2018 WL 4674598, at *3 ("Courts have been reluctant to estimate reasonably attorneys' fees without knowing what the attorneys in the case bill, or being provided with 'evidence of attorneys' fees awards in similar cases,' and have found information far more specific than this to be insufficient for the purposes of including attorneys' fees in the amount in controversy.") (citations omitted); *Pennon*, 2022 WL 2208578, at *3 n.1; *Makol*, 2018 WL 3194424, at *3; *Castillo*, 2019 WL 6607006, at *2; *Chavez*, 2020 WL 468909, at *2.

Defendant cannot substantiate by a preponderance of the evidence that any amount of attorney's fees should be used to satisfy the amount in controversy requirement, and thus, any attorney fees are too speculative to be used to reach the $75,000 threshold burden to establish the amount in controversy.

## VI. CONCLUSION

With the foregoing in mind, this is the exact type of case where the Court should "strictly construe the removal statute against removal jurisdiction" and reject federal

jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Simply put, Defendant failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

Accordingly, this Court lacks subject matter jurisdiction, and Plaintiff's Motion should be granted, and this case remanded back to the Superior Court of California, Los Angeles County.

Date: April 25, 2025               **AMERICAN LEMON LAW GROUP, LLP**

*/s/ Caitlin J. Scott*
Caitlin J. Scott Esq.
**Attorneys for Plaintiff,
Nancy Belleville**

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, I filed the foregoing document entitled **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAITLIN J. SCOTT; AND [PROPOSED] ORDER** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

                                      */s/ Caitlin J. Scott*
                                  Caitlin J. Scott, Esq.

**CERTIFICATE OF SERVICE**